# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES,<br><br>v.<br><br>MICHAEL SANG HAN,<br><br>Defendant. | Criminal Action No. 15-142 (JEB) |

## MEMORANDUM OPINION AND ORDER

This past May, a jury convicted Defendant Michael Sang Han of two counts of tax evasion, for which the Court concurrently sentenced him in October to 48 months of incarceration with self-surrender after December 15, 2018. He now moves for release pending appeal, contending that he is neither a danger nor a flight risk and that he has raised a substantial question as to the propriety of his conviction. Disagreeing with his last position, the Court will deny his Motion.

### I. Legal Standard

Under 18 U.S.C. § 3143(b)(1), the Court must detain a defendant pending appeal unless it finds: (A) by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released; (B) that the appeal is not for the purpose of delay; and (C) that the appeal raises a substantial question of law or fact likely to result in: (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. Because the Government does

1

not dispute that Han has satisfied subsections (A) and (B), the sole question here relates to subsection (C).

An analysis of that subsection is generally construed as a dual inquiry: (1) Does the appeal raise a substantial question of law or fact? (2) If so, would the resolution of that question in Defendant's favor be likely to lead to any of the results listed above? See United States v. Perholtz, 836 F.2d 554, 555 (D.C. Cir. 1988). The Government takes its stand on the first prong.

In determining whether Defendant has raised a substantial question, the Court keeps in mind that there is a presumption of a valid conviction when assessing motions for release pending direct appeal. Id. at 556. Defendant bears the burden of rebutting this presumption. United States v. Libby, 498 F. Supp. 2d 1, 3 (D.D.C. 2007); see also United States v. Shoffner, 791 F.2d 586, 589 (7th Cir. 1986) (finding defendant must "demonstrate that he has a substantial question to present [on appeal] before he may be admitted to bail"). To determine whether a substantial question exists, the Court must inquire whether the defendant has raised an issue that is "a close question or one that very well could be decided the other way." Perholtz, 836 F.2d at 555-56 (finding that "close question" standard is "more demanding" than one that requires the inquiry to be "fairly debatable," "fairly doubtful," or simply "not frivolous"); see also United States v. Adams, 200 F. Supp. 3d 141, 144 (D.D.C. 2016) (setting out standard).

**II.     Analysis**

In seeking his release, Defendant asserts that his appeal will raise substantial questions of error that are likely to result in a new trial. See Mot. at 6-10. Those can be easily divided into two principal points: (1) The Court improperly admitted evidence of other wrongdoing under Fed. R. Evid. 404(b); and (2) The Government failed to prove that the $22.3 million from Frank Carlucci and James Russell were investments into Envion, as opposed to personal loans to Han.

Id.  "Although," as it noted in Adams, "the Court recognizes that it is far from infallible, it believes that it appropriately disposed of these . . . issues and that Defendant's challenges are insufficient to warrant release."  200 F. Supp. 3d at 144.

As to the 404(b) question, this was the subject of lengthy pretrial briefing and argument, thoroughly and ably presented by previous counsel.  The Court considered myriad pieces of evidence, permitting the Government to introduce some and precluding it from introducing others.  Revisiting those rulings that went against Han would not present a substantial question.  In addition, while the Court does not believe it abused its discretion in its rulings, any such error would not likely lead to a new trial because it would have been harmless given the weight of the evidence properly admitted by the Government.

Second, the proper characterization of the $22.3 million was also a sharply contested issue at trial, and again, the Court believes that the jury could properly determine that such monies were investments into Envion and not personal loans to Defendant.  As a result, this, too, does not raise a substantial question.  Nor could the Court, as requested by Han, find that his counsel was ineffective in addressing these sums.  See Mot. at 2.  His attorneys were vigorous and zealous throughout their representation, filing multiple pretrial motions and at all times advancing factual and legal theories to their client's benefit.  This certainly applies to the question of the $22.3 million, which was a principal focus of the defense team.

### III. Conclusion

Because the Court concludes that none of the issues presented by Defendant constitutes a substantial question of law or fact, the Court ORDERS that his Motion for Release Pending Appeal is DENIED.

IT IS SO ORDERED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: December 13, 2018